BATLE ET AL., APPELLANTS, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Writ of Attachment.

No. 520.—Decided June 6, 1922.

RECORD OF TITLE—CAUTIONARY NOTICE—ATTACHMENT.—In this case it was held that subdivision 2 of article 97 of the Mortgage Law Regulations was repealed by General Order No. 100 of the Military Government of April 12, 1900; therefore, an order of the District Court of Ponce attested by the deputy clerk in the name of the clerk of the said court that the Registrar of Arecibo should record an attachment on a certain property situated in the municipality of Arecibo, is valid and the attachment should be recorded.

The facts are stated in the opinion.
*Mr. J. Tous Soto* for the appellants.
The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In a civil action pending before the District Court of Ponce, brought by Joaquina Batle y Campos, widow of Vilaró, *et al.*, against J. B. Lichtenstein & Co., a writ was issued by the deputy clerk of the District Court of Ponce addressed directly to the Registrar of Property of Arecibo for the cancelation of an attachment that had been levied on a certain real property and ordering at the same time the attachment of a certain rural property situated in the district of Arecibo.

The registrar refused to record it and made the following endorsement on the document:

"Record of the attachment ordered in the preceding writ is refused because it is issued by the deputy clerk in the name of the clerk of the District Court of Ponce instead of by the marshal of Arecibo, this being the district to which this registry belongs and where the property attached is situated, as provided in article 97 of the Mortgage Law Regulations and section 245 of the Code of Civil Procedure, and according to the decision of the Supreme Court in *Luce & Co., Ltd.* v. *Registrar of Guayama*, 28 P. R. R. 611, and *Benet* v. *Hernández*, 22 P. R. R. 323; and a cautionary notice is entered instead for 120 days at folio 249 of volume 54 of Arecibo, property number 897 triplicate, entry letter D, with the curable defects of failure to state the domicile of the defendant firm, the civil status of defendants Antonio J. Herrera and J. B. Lichtenstein, or the origin of the debt."

Not agreeing with the registrar's decision, the interested parties took the present appeal and both the appellants and the registrar have filed briefs.

According to the language of the registrar's decision, he refused to make the entry ordered by the District Court of Ponce because the deputy clerk of the said court issued the writ for that purpose, instead of the marshal of the district of Arecibo where the properties to which it referred were situated. In other words, the registrar was of the opinion that in order to make the entries ordered by the District Court

of Ponce the writ presented to him should have been issued by the marshal of the district of Arecibo under an order to him from the judge of his district at the request of the district judge of Ponce, for he cites article 97 of the Mortgage Law Regulations which provides that such request and order of the judge of the district where the properties are situated are necessary; and he alleges in his brief that that statute was not repealed by General Order No. 100 of 1900, because in the case of *Ochoa* v. *Hernández,* 230 U. S. 139, it was held that the Military Governor of Porto Rico could not reform the Mortgage Law, and cites the *Luce* and *Benet Cases.*

Article 97 of the Regulations for the Execution of the Mortgage Law reads as follows:

"Any cautionary notice which can not be entered except upon the order of a court, shall be made by virtue of the presentation to the registrar of the order of the judge or court containing a true copy of the decree ordering it, its date and the document or documents. upon which said notice·is based.

"The order shall always be issued by the judge or court within the district·in which is situated the registry in which the cautionary notice is to be entered, to whom other judges or courts shall address letters rogatory (*sic*) requesting the issue of the orders when the registry is not situated in their respective districts."

We shall consider only the second paragraph of that statute as affecting the present appeal. There is no doubt that under the modern tendency of procedural laws to facilitate the prosecution of cases and render proceedings speedy and effective, as our laws of procedure require, article 97 cited causes delay in the despatch of business and provides for something like an unnecessary act, and this was what the judicial board that existed in April of 1900 must have had in mind in recommending the repeal of the said article 97 as an unnecessary and retarding wheel in the machinery of the registries of property. That recommendation was put into ef-

fect and on April 12, 1900, the Military Government issued General Order No. 100, which reads as follows:

"Upon the recommendation of the judicial board the following is hereby ordered: I. The courts of justice shall communicate directly with each other, without the subordination of inferior to superior courts, established by article 287 of the law of civil procedure. II. The courts of justice may also communicate directly with any registrar of property, or any other office, for the execution of the judicial orders they may issue.

According to the said general order the District Court of Ponce could communicate directly with any registry of property in the Island. However, the registrar alleges that the Supreme Court of the United States held in the case of *Ochoa* v. *Hernández*, 230 U. S. 139, that the Military Governor of this Island had no authority to reform the Mortgage Law.

An examination of the case cited by the registrar of Arecibo shows that it refers to a judicial order of April 4, 1899. See vol. 2 of Military Orders, page 71. That order amended articles 391, 393, 394 and 395 of the Mortgage Law and its final clause declares that the said order shall have retroactive effect. At page 160 of volume 230 of the United States Reports the following is said:

"Under all the circumstances we deem it clear that the Governor was without authority from the President to make any order, judicial in its nature, that would have the effect of depriving any person of his property without due process of law.

"It is said that section 8 of the Foraker Act (31 Stat. 79, c. 191) had the effect of ratifying the Judicial Order of General Henry. That section declared: 'That the laws and ordinances of Porto Rico now in force shall continue in full force and effect, except as altered, amended, or modified hereinafter, or as altered or modified by military orders and decrees in force when this act shall take effect, and so far as the same are not inconsistent or in conflict with the statutory laws of the United States not locally inapplicable, or the provisions hereof, until altered, amended, or repealed by the legislative authority hereinafter provided for Porto Rico or by Act of Congress of the United States,' with provisos not now pertinent. We can find here no legis-

lative purpose to validate any order of the Military Governor that was in excess of the authority conferred upon him by the President.''

This Supreme Court, speaking through Mr. Justice Hutchison, in the case of *Succession of Rodríguez* v. *Succession of Torres,* 24 P. R. R. 733, commented upon the opinion in *Ochoa* v. *Hernández, supra,* as follows:

''In *Ochoa* v. *Hernández* the Supreme Court, without deciding whether or not the authority of the commanding officer in Porto Rico was subject to the same constitutional limitations as that of Congress, held that, under the instructions communicated by President McKinley to the Secretary of War on July 13, 1898, with reference to Cuba, General Orders, War Department, No. 101, made binding on the Governor of Porto Rico by a letter of instructions of date July 29, published under the authority of General Miles for the information and guidance of all concerned, and thus continued in force as the recognized declaration of principles by which the Military Government was limited, the Military Governor was without authority from the President to make any order, judicial in its nature, that would have the effect of depriving any person of his property without due process of law.''

Both from the opinion of the Supreme Court of the United States and from that of this court it is deduced that the conclusion reached by the registrar of Arecibo is not correct when he alleges baldly that in that decision of the highest court of the Nation it was held that the Military Government of Porto Rico was without power to modify the Mortgage Law. In the opinion of the Supreme Court of the United States section 8 of the Foraker Act is cited. That section recognized in a general way the power of the Military Government to amend the laws existing at that time and provided expressly and clearly that the laws and ordinances in force should continue in force, making an exception of those altered, amended or modified by the Act itself, or that had been altered, amended or modified by military orders.

It goes without saying that general power to amend or modify a law can never include power to do so in a manner that

will in any way affect or destroy substantial rights of persons. Congress itself could not have that power. In no part of the Nation can any law be enacted depriving a person of life or property without due process of law. This principle, in so far as property is concerned, was what was discussed in *Ochoa v. Hernández, supra,* and its violation must bear the stamp of abuse of power whatever may be the authority guilty of it, whether civil or military.

We think the situation is very distinct in the matter of the amendment or repeal of article 97 of the Regulations for the Execution of the Mortgage Law. The provisions of that article were purely adjective in character and its repeal did not infringe or impair any substantial right of interested persons, but was rather in furtherance of speedy proceedings and for these reasons its amendment or repeal was within the power of the Military Government.

It is true that in the *Luce Case* it was held that article 97 was in force, but the parties to the case neither made reference to the said general order, nor did this court take it into consideration in deciding the case. In the *Benet Case* the question was of a writ issued by the marshal of a district court to the registrar of another district and we held that inasmuch as the authority of a marshal is limited to his district, he had no authority to communicate directly with the registrar of property of a different district. But in this case it was not the Ponce marshal who communicated with the registrar of Arecibo, but the deputy clerk of the Ponce court who could do so in accordance with General Order No. 100. It is true that section 245 of the Code of Civil Procedure of 1904 provides that a writ of execution may be issued to the marshal of any district in the Island, but we think that this section did not amend General Order No. 100.

For the foregoing reasons the registrar's decision must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.